IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDMUND GARIBYAN, ) | 1:08-CV-390  AWI SMS |
| Plaintiff, ) | |
| ) | ORDER FOR PLAINTIFF TO SHOW CAUSE |
| v. ) | |
| ) | |
| COUNTY OF FRESNO, and SHERIFF MARGARET MIMS, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

   This case was filed on March 17, 2008.  On October 5, 2009, the Court granted Plaintiff's counsel's motion to withdraw as attorney and vacated the trial date.  See Court's Docket Doc. No. 36.  Since that time, the Court has had four status conferences.  It is the Court's understanding that Plaintiff is in the process of obtaining counsel.

   On March 22, 2010, the Court held a status conference.  Counsel was present for Defendant, but no one appeared for Plaintiff and the Court has heard no word from Plaintiff.  It is the Court's understanding that a medical condition makes appearances by Plaintiff difficult.  However, it is unacceptable for Plaintiff to not appear at Court-ordered status conferences.  Without word from Plaintiff, it does not appear that Plaintiff is prosecuting this case, which has come to a stand still.

Federal Rule of Civil Procedure 41(b), in relevant part, provides, "If a plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. Pro. 41(b).  Although the language indicates that Rule 41(b) is applicable upon motion by the defendant, "courts may dismiss under Rule 41(b) *sua sponte*, at least in some circumstances." Hells Canyon Preservation Council v. United States Forest Service, 403 F.3d 683, 689 (9th Cir. 2005) (citing Olsen v. Maples, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).  Local Rule 110 provides that "a failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  "District courts have the inherent power to control their dockets and in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case.'" Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice based on a party's failure to prosecute an action or failure to obey a court order.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with Local Rule); In re Eisen, 31 F.3d 1447, 1456 (9th cir. 1994) (dismissal for lack of prosecution); Ferdik, 963 F.2d at 1260-61 (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with Local Rules).  In determining whether to dismiss an action for lack of prosecution or failure to obey a court order the court must consider several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002); Bautista, 216 F.3d at 841; In re Eisen, 31 F.3d at 1451; Ferdik, 963 F.2d at 1260-61; Henderson, 779 F.2d at 1424; Thompson, 782 F.2d at 831.

In light of the Court's concerns over the prosecution of this case, Plaintiff will be required to show cause in writing why the Court should not dismiss this case for lack of prosecution and

failure to obey a court order.

Accordingly, IT IS HEREBY ORDERED that Plaintiff is to show cause in writing on or by April 14, 2010, why he did not appear at the March 22, 2010, status conference and why this case should not be dismissed for failure to obey a court order and/or failure to prosecute.

IT IS SO ORDERED.

**Dated:   March 26, 2010**                              /s/ **Anthony W. Ishii**
                                                  CHIEF UNITED STATES DISTRICT JUDGE