| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| EDMUND GARIBYAN, | ) | NO. 1:08-CV-00390 AWI SMS |
|---|---|---|
| Plaintiff, | ) | ORDER DISMISSING ACTION |
| v. | ) | |
| COUNTY OF FRESNO, and SHERIFF MARGARET MIMS, | ) | |
| Defendants. | ) | |

This case was filed on March 17, 2008.  On October 5, 2009, the Court granted Plaintiff's counsel's motion to withdraw as attorney and vacated the trial date.  See Court's Docket Doc. No. 36.  Since that time, the Court has had four status conferences.  The court has been told that Plaintiff is in the process of obtaining counsel.

On March 22, 2010, the Court held a status conference.  Counsel was present for Defendant, but no one appeared for Plaintiff and Plaintiff has not contacted the Court.  It is the Court's understanding that a medical condition makes appearances by Plaintiff difficult.

On March 29, 2010, the Court ordered Plaintiff to show cause in writing on or by April 14, 2010, why he did not appear at the March 22, 2010 status conference, and why this case should not be dismissed for failure to obey a court order and/or failure to prosecute.  No response was filed by April 14, 2010.

///

## LEGAL STANDARD

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order. Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992). In determining whether to dismiss an action for lack of prosecution the court must consider several factors "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik, 963 F.2d at 1260-61); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). "These factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'" In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998)).

## DISCUSSION

The court finds that dismissal for Plaintiff's failure to prosecute is appropriate in this action. "The public's interest in expeditious resolution of litigation always favors dismissal." Pagtalunan, 291 F.3d at 642; Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). This action has been pending for two years. The action has been at a standstill since October 5, 2009. The court cannot manage its docket if it maintains cases in which a plaintiff fails to litigate his case. The court's limited resources must be spent on cases in which the litigants are actually proceeding. Thus, both the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Pagtalunan, 291 F.3d at 642; Yourish 191 F.3d at 991. However, delay inherently increases the risk that witnesses' memories will fade and evidence will become stale. Pagtalunan, 291 F.3d at 642. Defendants do not appear to have any interest

1  in litigating this action.  As such, any risk of prejudice to Defendants is absent.

2        As for the availability of lesser sanctions, there is little available to the court which would
3  constitute a satisfactory lesser sanction while protecting the court from further unnecessary
4  expenditure of its scare resources.  The court's warning "that failure to obey a court order will
5  result in dismissal can itself meet the 'consideration of alternatives' requirement." In re PPA,
6  460 F.3d at 1229; Estrada v. Speno & Cohen, 244 F.3d 1050, 1057 (9th Cir. 2001).  Here,
7  Plaintiff has been warned that dismissal for lack of prosecution would result if a response to the
8  Court's March 29, 2010 order to show cause was not filed.  The availability of less drastic
9  sanctions has been considered, but given that Plaintiff did not comply with the Order, the court
10 has no effective sanction but to close the case.

11       Finally, because public policy favors disposition on the merits, this factor normally
12 weighs against dismissal.  Pagtalunan, 291 F.3d at 643.  "At the same time, a case that is stalled
13 or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations
14 cannot move forward toward resolution on the merits.  Thus, [the Ninth Circuit has] also
15 recognized that this factor 'lends little support' to a party whose responsibility it is to move a
16 case toward disposition on the merits but whose conduct impedes progress in that direction."
17 In re PPA, 460 F.3d at 1228.  The court finds this factor has little weight in an action such as
18 this one where the Plaintiff has essentially abandoned the case and has been unable or unwilling
19 to proceed with the action.  Thus, the court finds that dismissal is appropriate in this action.

## ORDER

21     Accordingly, the court ORDERS that:

22        1.    This action is DISMISSED; and

23        2.    The Clerk of the Court is DIRECTED to close the case.

25 IT IS SO ORDERED.

26 **Dated:   May 20, 2010**                /s/ Anthony W. Ishii
                                          CHIEF UNITED STATES DISTRICT JUDGE